UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------
Caption in Compliance with D.N.J. LBR 9004-1(b)

Baldo Law Firm
By: Darren M. Baldo, Esq. (NJ Bar #040181997)
4093 Quakerbridge Rd.
Princeton Jct., NJ 08550
Phone: (609) 799-0090
Fax: (609) 799-0095
Email: Darren@dbaldolaw.com
Attorney for Debtors
---------------------------------------------------------------

| | |
|---|---|
| In Re: | Case No.: 19-33073 (MBK) |
| MICHAEL AND DIANA FARETTY, | Chapter: 13 |
| Debtor. | Hearing Date: February 26, 2020 |
| 10:00 a.m. | |
| | Judge: Kaplan |

---------------------------------------------------------------

**CERTIFICATION OF DARREN M. BALDO, ESQ.
IN REPLY TO TRUSTEE'S OBJECTION TO
DEBTOR'S CHAPTER 13 PLAN**

I, DARREN M. BALDO, ESQ., hereby certify as follows:

1. I am an attorney at law of the State of New Jersey admitted in 1998 in this state and 2003 in this district.

2. I am the sole member of the above-captioned law firm and charged with the handling of the above-captioned matter on behalf of the Debtors Michael and Diana Faretty (the "Debtors").

3. I file this Certification in Reply to the trustee's objection to the Debtors' First Amended Chapter 13 Plan.

4. Debtors are a young married couple with two minor children residing at 185 Eaton Ave., Hamilton, New Jersey.

5. Due to a medical illness, Michael was unable to contribute to family income for several months, which caused the Debtors to fall behind on their mortgage and credit cards.

6. The amount of the arrears to M&T Bank (the mortgage lender) is approximately $16,500 at the time of the filing of the petition.

7. With interest at the applicable rate of 5.5%, the Debtors have accounted for payments of the arrears with interest for a total amount of $19,341.71 to be paid through the plan.

8. The amount of credit cards and other unsecured debts at the time of the filing of the petition is approximately $9,000.

9. To stay a pending foreclosure action and other collection action and to keep their home, Debtors chose to file for bankruptcy protection under Chapter 13.

10. This bankruptcy case was filed on about December 11, 2019 with the filing of Debtors' Petition.

11. Debtors filed their proposed Chapter 13 plan and all of the required schedules and other required documents in a timely manner.

12. Debtors filed their First Modified Chapter 13 Plan on December 27, 2019.

13. All creditors and parties in interest were served with their First Modified Plan with motions on December 30, 2019.

14. The Trustee was served via the court's ECF filing system.

15. A Certificate of Service was filed on December 30, 2019 (see CM-ECF Docket Document # 19).

16. As shown in said Certificate of Service, One Main Financial and Midland Funding were served with the plan and related motions.

17. Because the liens by One Main Financial on the 2008 Ford Explorer and by Midland Funding on Debtor's homestead are fully impaired by the exemption, Debtors have moved to avoid those liens as part of the plan.

18. Debtors are current with their pre-confirmation plan payments to the trustee.

19. Debtors served the trustee with their actual PNC October and November 2019 bank statements on February 14, 2020 for a second time; the first time involved the online printout, which the trustee rejected.

20. Debtors served the trustee with a Current Market Analysis of their residence on February 19, 2020.

21. Debtors filed their Second Modified Chapter 13 Plan on February 20, 2020.

22. Debtors served the trustee and all parties in interest on February 20, 2020 of their Second Modified Plan.

23. Under the Second Modified Plan, Debtors will pay all unsecured creditors in full pro-rata plus all of the arrears to their mortgage lender (M&T Bank).

24. Because Debtors will repay 100% of their unsecured debts and 100% of their mortgage arrears under their Second Modified Chapter 13 Plan, Debtors' income is irrelevant and no revised income schedules are necessary at this time.

25. Debtors' Second Modified Chapter 13 Plan also takes into account their anticipated 2019 federal income tax refund.

26. The trustee's calculations of Debtor's disposable income is incorrect, but it is a moot point because Debtors will pay unsecured creditors and the mortgage arrears in full under their Second Modified Chapter 13 Plan.

27. On February 20, 2020, I filed an amended Form B2030 to disclose my compensation previously paid and payable through the plan.

28. On February 20, 2020, Debtors filed their Pre-Confirmation Certification of Compliance.

29. By way of this Certification and the actions completed by Debtors as described hereinabove, it is Debtors' position that their Second Modified Plan should be confirmed and that the trustee's objection to the Debtors' First Modified Plan is now moot.

WHEREFORE, Debtors respectfully request that Trustee's objection is denied and that Debtors Second Modified Plan is confirmed.

I hereby certify that the foregoing statements are true and that if any of the foregoing statements are willfully false, I realize that I am subject to punishment.

Dated: February 20, 2020

*/s/ Darren M. Baldo*
Darren M. Baldo, Esq.
Attorney for Debtors Michael and Diana Faretty